```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------
DAVID SAMPSON,

                    Plaintiff,                UNDER SEAL

        v.

THE CITY OF SCHENECTADY,

                    Defendant,                Case No. 99-CV-1331 (LEK)

RICHARD BARNETT, Individually
and as Agent, Servant and/or
Employee and Police Officer of                AFFIDAVIT IN SUPPORT OF
the City of Schenectady and                   ORDER TO SHOW CAUSE
the City of Schenectady Police
Department,

                    Defendant,

MICHAEL SILER, Individually
and as Agent, Servant and/or
Employee and Police Officer of
the City of Schenectady and
the City of Schenectady Police
Department,

                    Defendant.
================================

RICHARD BARNETT,

        Cross-Defendant,

MICHAEL SILER,

        Cross-Defendant.
--------------------------------
```

STATE OF NEW YORK   )
                    )  ss.
COUNTY OF ALBANY    )

Donald T. Kinsella, being first duly sworn, deposes and states:

1. I am an Assistant United States Attorney for the Northern District of New York. I make this affidavit in support of an Order to Show Cause requiring the parties in the captioned case to show cause why an Order should not be issued permitting the United States to intervene in this case, and staying the case until the completion of the criminal investigation and prosecution related to the conduct at issue.

2. The captioned civil case concerns allegations that Schenectady Police officers Richard Barnett and Michael Siler seized David Sampson, the plaintiff, on the street and drove him to a remote location, took his shoes and left him to fend for himself after threatening him. As a result of this incident and other available information, the FBI and the Schenectady Police Department began investigating a number of complaints of police misconduct by Barnett, Siler and others. These complaints involve allegations that uniform police officers routinely shake down drug dealers and users for money and drugs and then supply drugs and information about police operations to individuals who tip them off about the drug dealers and users. In fact, Sampson was known by the Schenectady Police Department to be a drug dealer at the time of his alleged abduction.

3. On April 3, 2000, this Court issued an Order permitting the United States to intervene in this case in accordance with Federal Rule of Civil Procedure 24(b)(2). The Court also ordered

all discovery and depositions in the instant civil case stayed through July 28, 2000.

4.  On August 10, 2000, a two-count Superseding Indictment was returned by a Federal Grand Jury against Siler and Barnett charging them in Count One with extorting drugs from a person known to the Grand Jury by the wrongful use of actual and threatened force, violence, fear, and while they were acting under color of official right.  In Count Two, they are charged with possessing with intent to distribute and distribution of cocaine base (crack).

5.  On September 18, 2000, Barnett plead guilty to both Counts.  Pursuant to his plea, Barnett admitted that in the afternoon and evening of August 3, 1999, he was on uniformed duty in a marked Schenectady Police vehicle with Siler cruising the area in and around Hamilton Hill in the City of Schenectady.  Barnett further admitted that while on shift that day, he and Siler approached a person engaged in drug distribution on the street, threw that person against the police vehicle, instructed that person not to move, and then proceeded to go through the persons' pockets, where they recovered a chunk of approximately 3.5 grams of crack cocaine.  Barnett admitted that he and Siler left that person on the street, took the crack cocaine with them, and never arrested the person or turned the drugs into evidence at the Police Station. Barnett admitted that he drove the Schenectady Police vehicle a short distance and then stopped on a street nearby, at which time Siler, who was seated in the passenger seat, gave some of the crack

cocaine to a person as a reward for providing information about criminal activity in the area. Barnett is tentatively scheduled to be sentenced in January 2001, but it is likely that the sentence will be delayed at least for several months because he is continuing to cooperate with authorities in the ongoing grand jury investigation and the prosecution of Siler.

6. On September 21, 2000, a six-count Second Superseding Indictment was returned by a federal Grand Jury against Siler adding two Counts of carrying a handgun during drug trafficking crimes (Counts Three and Five); one Count of knowingly possessing with intent to distribute and distribution of cocaine base (crack) (Count Four); and one Count of knowingly possessing with intent to distribute marijuana, heroin and crack cocaine (Count Six).

7. On December 8, 200, Magistrate Judge Smith ordered Barnett and Siler to respond to outstanding discovery on or before January 2, 2001. Although the pending interrogatories do not pertain directly to the subject matter of the Second Superseding Indictment, it is clear that Sampson's counsel will have the right to inquire into these matters during any deposition of Barnett and others involved in the ongoing criminal investigation and prosecution. It is anticipated that depositions will be sought of several others, including Schenectady Deputy Chief William Grasso, Assistant Chief Michael Seber, and Lt. Jack Falvo, who are the only three members of the Schenectady Police Department that have been privy to all aspects of this investigation since its inception. It

is anticipated that Barnett and others will be asked discovery related questions that would reveal details of the investigation, the nature of Barnett's cooperation, potential charges, possible targets, and the identities of cooperating individuals. Inasmuch as the agents and incidents under investigation and prosecution are related to the subject matter of the civil suit - namely a wide array of police misconduct by Siler, Barnett and other Schenectady police officers - virtually all issues which must be resolved involve common questions of fact and law.

8. The grand jury's investigation into the allegations at issue is continuing and it is likely that additional charges will be brought against Siler and others. The grand jury's session was set to expire on September 22, 2000 but it has been extended to March 23, 2001.

9. There have been numerous instances of witness tampering, including threats and intimidation, that have already occurred in the criminal case. Several witnesses or potential witnesses have reported being the subject of such threats from various members of the Schenectady Police Department. Two of the witnesses required emergency relocation funds to get them out of harms way until the disposition of the criminal case.

10. Due to the nature of the pending investigation and prosecution, counsel for the government has not discussed this application with counsel for the parties in the civil case. The United States is copying defense counsel with the Order to Show

- 5 -

Cause, but it seeks leave to file the instant Affidavit and the Memorandum of Law in camera, as disclosure of the facts underlying this application could jeopardize various aspects of the pending investigation.

11. Based on the foregoing, as well as the principles of law set forth in the Memorandum of Law in Support of Order to Show Cause, the undersigned requests that the Court issue an Order permitting the United States to intervene in this case and staying the case until the resolution of the criminal charges, as set forth in the proposed Order attached to the Memorandum of Law.

Donald T. Kinsella
Assistant U.S. Attorney
N.D.N.Y. Bar Roll #103149

Subscribed and sworn to before me this 2 day of January, 2001.

_____
Notary Public

SHARON B. STANTON
Notary Public, State of New York
Qualified in Albany County
#4803138
Commission Expires March 30, 2002