U. S. DISTRICT COURT
N.D. OF N.Y.
FILED
JAN 03 2001
LAWRENCE K. BAERMAN, CLERK
ALBANY



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------
DAVID SAMPSON,

    Plaintiff,

 v.

THE CITY OF SCHENECTADY,

    Defendant,

RICHARD BARNETT, Individually
and as Agent, Servant and/or
Employee and Police Officer of
the City of Schenectady and
the City of Schenectady Police
Department,

    Defendant,

MICHAEL SILER, Individually
and as Agent, Servant and/or
Employee and Police Officer of
the City of Schenectady and
the City of Schenectady Police
Department,

    Defendant.
=============================

RICHARD BARNETT,

  Cross-Defendant,

MICHAEL SILER,

  Cross-Defendant.
---------------------------------

UNDER SEAL

99-CV-1331 (LEK)

UNITED STATES'
MEMORANDUM OF LAW

   Pursuant to Federal Rule of Civil Procedure 24(b)(2), the United States seeks to intervene in this case for the limited

purpose of seeking a stay of these proceedings pending the resolution of the pending criminal charges against Defendants Barnett and Siler.

## I. **Permissive Intervention**

It is well established that the United States may intervene in a federal civil action pursuant to Federal Rule of Civil Procedure 24(b)(2) when there is a parallel criminal proceeding, either anticipated or underway, that involves common questions of law or fact. See, e.g., SEC v. Downe, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (citing SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988), and other cases).

The civil case pending before this Court concerns allegations that Schenectady Police officers Barnett and Siler seized Sampson, the plaintiff, on the street and drove him to a remote location, took his shoes and left him to fend for himself after threatening him. As a result of this incident and other available information, the FBI and the Schenectady Police Department began investigating a number of complaints of police misconduct by Barnett, Siler and others. These complaints involve allegations that uniform police officers routinely shake down drug dealers and users for money and drugs and then supply drugs and information about police operations to individuals who tip them off about the drug dealers and users. In fact, Sampson was known by the Schenectady Police Department to be a drug dealer at the time of his alleged abduction.

On April 3, 2000, this Court issued an Order permitting the United States to intervene in this case in accordance with Federal Rule of Civil Procedure 24(b)(2). The Court also ordered all discovery and depositions in the instant civil case stayed through July 28, 2000.

On August 10, 2000, a two-count Superseding Indictment was returned by a Federal Grand Jury against Siler and Barnett charging them in Count One with extorting drugs from a person known to the Grand Jury by the wrongful use of actual and threatened force, violence, fear, and while they were acting under color of official right. In Count Two, they are charged with possessing with intent to distribute and distribution of cocaine base (crack).

On September 18, 2000, Barnett plead guilty to both Counts. Pursuant to his plea, Barnett admitted that in the afternoon and evening of August 3, 1999, he was on uniformed duty in a marked Schenectady Police vehicle with Siler cruising the area in and around Hamilton Hill in the City of Schenectady. Barnett further admitted that while on shift that day, he and Siler approached a person engaged in drug distribution on the street, threw that person against the police vehicle, instructed that person not to move, and then proceeded to go through the persons' pockets, where they recovered a chunk of approximately 3.5 grams of crack cocaine. Barnett admitted that he and Siler left that person on the street, took the crack cocaine with them, and never arrested

the person or turned the drugs into evidence at the Police Station. Barnett admitted that he drove the Schenectady Police vehicle a short distance and then stopped on a street nearby, at which time Siler, who was seated in the passenger seat, gave some of the crack cocaine to a person as a reward for providing information about criminal activity in the area. Barnett is tentatively scheduled to be sentenced in January 2001, but it is likely that the sentence will be delayed at least for several months because he is continuing to cooperate with authorities in the ongoing grand jury investigation and the prosecution of Siler.

On September 21, 2000, a six-count Second Superseding Indictment was returned by a federal Grand Jury against Siler adding two Counts of carrying a handgun during drug trafficking crimes (Counts Three and Five); one Count of knowingly possessing with intent to distribute and distribution of cocaine base (crack) (Count Four); and one Count of knowingly possessing with intent to distribute marijuana, heroin and crack cocaine (Count Six).

On December 8, 200, Magistrate Judge Smith ordered Barnett and Siler to respond to outstanding discovery on or before January 2, 2001. Although the pending interrogatories do not pertain directly to the subject matter of the Second Superseding Indictment, it is clear that Sampson's counsel will have the right to inquire into these matters during any deposition of

Barnett and others involved in the ongoing criminal investigation and prosecution. It is anticipated that depositions will be sought of several others, including Schenectady Deputy Chief William Grasso, Assistant Chief Michael Seber, and Lt. Jack Falvo, who are the only three members of the Schenectady Police Department that have been privy to all aspects of this investigation since its inception. It is anticipated that Barnett and others will be asked discovery related questions that would reveal details of the investigation, the nature of Barnett's cooperation, potential charges, possible targets, and the identities of cooperating individuals. Inasmuch as the agents and incidents under investigation and prosecution are related to the subject matter of the civil suit - namely a wide array of police misconduct by Siler, Barnett, and other Schenectady police officers - virtually all issues which must be resolved involve common questions of fact and law.

8. The grand jury's investigation into the allegations at issue is continuing and it is likely that additional charges will be brought against Siler and others. The grand jury's session was set to expire on September 22, 2000 but it has been extended to March 23, 2001.

In light of the foregoing, permissive intervention is appropriate in this case.

## II. **Stay of Civil Proceedings**

A federal district court has inherent discretionary power to

stay any action within its jurisdiction. <u>Landis v. North American Co.</u>, 209 U.S. 163, 166 (1936). It may properly exercise this power in order to defer civil proceedings pending the outcome of related criminal proceedings whenever "the ends of justice seem to require such an action." <u>United States v. Kordel</u>, 397 U.S. 1, 12 n.27 (1970); <u>see</u> <u>also</u> <u>Campbell v. Eastland</u>, 307 F.2d 478, 487 (5th Cir. 1962), <u>cert. denied</u>, 371 U.S. 955 (1963) ("The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first.").

A stay of pending civil proceedings is appropriate (1) "to protect the integrity of pending criminal investigations," <u>Downe</u>, 1993 WL 22126, at *11-12; (2) to prevent witness intimidation, perjury and manufactured evidence, <u>Campbell</u>, 307 F.2d at 487; and (3) to ensure that civil discovery process is not used by the civil litigants to obtain information not available through the criminal investigation. <u>See, e.g.</u>, <u>LaRouche Campaign v. The Federal Bureau of Investigation</u>, 106 F.R.D. 500, 501 (D. Mass. 1985); <u>Founding Church of Scientology of Washington, D.C. v. Kelley</u>, 77 F.R.D. 378, 380 (D.D.C. 1977); <u>Campbell</u>, 307 F.2d at 487 n.12. In determining whether to stay a civil proceeding, the Court must balance the competing interests at stake, including those of the prosecution, the civil litigants, the Court and the public. <u>See, e.g.</u>, <u>United States v. Hugo Key and Son, Inc.</u>, 672 F. Supp. 656, 659 (D.R.I. 1987);

Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010-11 (E.D.N.Y. 1992); Downe, 1993 WL 22126, at *12. Administrative policy gives priority to the public interest in law enforcement, and a trial court is to give great weight to that interest in determining whether to stay a civil proceeding. Campbell, 307 F.2d at 487; Hugo Key, 672 F. Supp. at 658.

The Court may enjoin the pending civil proceedings even if no Indictment has been returned to ensure that the integrity of the grand jury investigation is not compromised. Downe, 1993 WL 22126, at *11-12; see also R.J.F. Fabrics v. United States, 651 F. Supp. 1437, 1439-40 (Ct. Int'l Trade 1986) (fact that criminal proceeding is in pre-indictment stage does not render inappropriate a stay of related civil proceedings); United States v. Swissco Properties, 821 F. Supp. 1472, 1474 (S.D. Fla. 1993) (noting, in dicta, that courts often issue orders staying civil discovery because of related criminal investigations even when no indictment has been filed).[1] In such circumstances, the court may limit the stay to a certain period of time; if an indictment is returned during that initial period, the court may then extend the stay until the conclusion of the criminal prosecution. See, e.g., Downe, 1993 WL 22126 (imposing an initial stay of three months); Hugo Key, 672 F. Supp. at 659 (imposing an initial stay of six months).

---

[1] Of course, the interests weigh even more heavily in favor of staying civil proceedings where an indictment has been returned. See Twenty First Century Corp, 801 F. Supp. at 1011.

In this case, the competing interests at stake weigh heavily in favor of staying the civil proceedings until the conclusion of the grand jury investigation and criminal prosecution. A stay would permit the government to conclude the federal grand jury investigation and related prosecution of Siler and Barnett without interruption and interference from the civil proceeding. It would also prevent the disclosure of information regarding the pending investigation and prosecution, the nature of potential new charges and the identities of cooperating individuals. It would also prevent misuse of the civil process to gain otherwise unavailable information concerning the criminal investigation and prosecution.

Of paramount concern is the numerous instances of witnessing tampering, including threats and intimidation, that have already occurred in the criminal case. Several witnesses or potential witnesses have reported being the subject of such threats from various members of the Schenectady Police Department. Two of the witnesses required emergency relocation funds to get them out of harms way until the disposition of the criminal case. Unless a stay is granted, it is likely that the identity of at least some of our witnesses would be revealed thus increasing the likelihood of further witness tampering.

A defendant in civil litigation has an interest in a prompt resolution of his liability for the civil claims against him. See, e.g., Hugo Key, 672 F. Supp. at 658. However, that interest

is outweighed in a case such as this by the interests of the public and the prosecution. The United States and the public have a paramount interest in the conclusion of the pending grand jury investigation and related prosecution without interference from additional discovery and potential depositions or trial testimony. Depositions from individuals who have testified or will testify before the grand jury also might expose the strategy and potential targets of the grand jury investigation. See Hugo Key, 672 F. Supp. at 658 (liberal civil discovery rules might expose strategy of prosecution and might possible result in defendant's perjury and manufacturing of evidence, both of which are important governmental interests). Indeed, "[t]he broad scope and liberal interpretation of the Federal Rules of Civil Procedure would undermine the traditionally narrow scope of discovery in a criminal action." Id. Finally, the public's interest in law enforcement and in a determination of whether Schenectady County Police Officers have been engaged in criminal conduct weighs in favor of staying the civil proceedings pending the conclusion of the grand jury investigation.

A stay in this matter through the resolution of the pending criminal proceedings would be a minor inconvenience to the civil litigants and to the Court but would allow the federal grand jury to complete its investigation and decide whether to return additional charges against Siler and others. It would also allow the government to complete its pending prosecution.

A stay of the civil proceedings pending conclusion of the federal grand jury criminal investigation and related prosecution may benefit the civil litigants greatly by expediting the resolution of key issues. The resolution of any criminal charges against Siler, Barnett, and others might serve to narrow the issues to be resolved in the civil proceeding. See, e.g., In the Matter of Raiford, 695 F.2d 521 (11th Cir. 1983) (higher standards of proof and greater procedural protections applicable in a criminal action make a conviction conclusive as to issues arising against the criminal defendant in a subsequent civil action); United States v. Mellon Bank, 545 F.2d 869, 872-73 (3d Cir. 1976) (where resolution of a criminal case might "moot, clarify, or otherwise affect various contentions" in a related civil case, the district court properly decided that a stay of the civil proceedings pending the outcome of the criminal matter would best serve the interests of judicial economy).

## III. Conclusion

For the foregoing reasons, the United States respectfully requests that this Court permit it to intervene in this action and that this Court stay the civil proceedings, including any discovery processes and formal or informal depositions, through the resolution of grand jury proceeding and related criminal prosecution.

Respectfully submitted,

DANIEL J. FRENCH
UNITED STATES ATTORNEY

By: _/s/ Donald Kavell_
for John M. Katko
Assistant U.S. Attorney
Bar Roll # 502457