UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID SAMPSON,

                      Plaintiff,

                      AFFIDAVIT IN OPPOSITION
                      TO APPLICATION FOR STAY
                      Civil Action No.: 99-CV-1331

-against-

THE CITY OF SCHENECTADY, RICHARD BARNETT,
and MICHAEL SILER, Individually and as Agents,
Servants and/or Employees and Police Officers
of the City of Schenectady and the City of Schenectady
Police Department,

                      Defendants.

STATE OF NEW YORK   )
                      ) s.s:
COUNTY OF ALBANY    )

      Kevin A. Luibrand, being duly sworn, deposes and states the following:

      1.    Deponent is counsel to the plaintiff in connection with the above captioned matter and submits this affidavit in reply to the application by the United States Attorney's Office for a stay of this civil action. The court previously issued an order denying defendants' Siler and Barnett's application for a stay on two (2) occasions, both involving assertion of claimed privileges. This affidavit addresses solely the issues raised in the government's application.

## STAY REGARDING INTERROGATORY
## RESPONSES OF SILER/BARNETT

      2.    None of the charges levied against Siler or Barnett relate to the <u>Sampson</u> claim upon which this civil action is based, and none of the overdue discovery -

interrogatories and Notice to Admit - seeks information pertaining to anything other than the Sampson civil claim.

3. The government acknowledges that the interrogatories that were served November 2, 1999, a copy of which is annexed hereto as attachment "A", are specifically structured so as not to inquire of either Siler and Barnett regarding the pending criminal charges, but solely the Sampson case. (see attachment "A" annexed hereto) At paragraph 7 of the Kinsella affidavit, the government acknowledges the following:

> the pending interrogatories **do not pertain directly to the subject matter of the Second Superceding Indictment.....**
> (emphasis supplied.)

4. The government then goes on to request a broad stay against all discovery under its following suppositions also set forth at paragraph 7 of the Kinsella affidavit:

> It is **anticipated** that Barnett and others will be asked discovery related questions that would reveal details of the investigation, the nature of Barnett's cooperation, potential charges, possible target and the identities of cooperating individuals. (emphasis supplied.)

5. First, this claim by the government is directed at the depositions and not the interrogatories which the government agrees do not relate to any of the items for which the government seeks the protection of a stay. (see Kinsella affidavit at paragraph 7) That is, the government seeks a broad stay that includes the interrogatories - which the government acknowledges do not seek "investigative" information - but uses what might be elicited at the depositions as the basis for the broad stay pertaining to the interrogatories.

6. The suppositions of the government regarding the depositions and then directed upon the interrogatories are misplaced and premature, run directly contrary to

what the parties know are the actual interrogatories that have been posed to these defendants and which the court ordered the defendants to answer, and none of the interrogatory questions posed asks about anything other than the case of Sampson v. the City of Schenectady, et al. (see attachment "A" annexed hereto)

7. In addition, the plaintiff served a Notice to Admit (this is not specifically addressed in the stay application but would be covered by a broad stay) which, as well, seeks the denial or admission of facts solely related to the case of Sampson v. the City of Schenectady, et al. and not any other (see attachment "B" annexed hereto). As well, the Notice to Admit, by law, may be utilized only with respect to the pending Sampson civil litigation and has no collateral use in any other proceeding – civil or criminal – as a matter of law. (see FRCP Rule 36: "(a) A party may serve upon any other party a written request for the admission, for purposes of the pending action, only"...; (b) [Any] admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.")

8. The breath of the stay application when applied to the interrogatories and Notice to Admit runs contrary to the exact reasons why the government seeks the stay which is to prevent the plaintiff from inquiring about "other" matters. (see Kinsella affidavit at paragraph 6 through 10) The written discovery does not relate to the other matters about which the government expresses its concern or upon which it bases, factually, its application for a stay.

9. Therefore, we request that the application for stay be denied specifically with respect to the interrogatories and the Notice to Admit.

### DEPOSITION OF SILER AND BARNETT

10. Although the government does not request specific stay relief concerning those depositions but rather, again, a broad stay because the government "anticipates" us questioning the defendants about "other" non-<u>Sampson</u> matters, we would agree to limit the depositions to general background and employment questions and the <u>Sampson v. the City of Schenectady, et al.</u> facts, to submit any questions that come up during the deposition concerning "other" matters to your honor in the event there is any claim that the questioning goes outside of the limits of <u>Sampson v. the City of Schenectady, et al.</u>, and to thus resolve the government's concern that the case will move off target (off <u>Sampson</u>) into the area of the superceding indictment.

11. Therefore, the depositions of Siler and Barnett should proceed as court ordered.

### DEPOSITIONS OF GRASSO, SEBER AND FALVO

12. The government also seeks specific relief with respect to depositions of three (3) City of Schenectady officers who the government claims are "privy to all aspects of [the government's] investigation since its inception" (Kinsella affidavit paragraph 7):

> It is <u>anticipated</u> that the depositions will be sought of several others, including Schenectady Deputy Chief William

Grasso, Assistant Chief Michael Seber, and Lieutenant Jack Falvo, Jr. who are the only three (3) members of the Schenectady Police Department that have been privy to all aspects of this investigation since its inception.

13. Part of the plaintiff's complaint against the City of Schenectady is under the seminal case of <u>Monell</u> in which a plaintiff must establish a "custom, policy or practice" of a police department which fosters the violation of civil rights by its officers. This policy is proven by showing instances of reported claims of abuse that went without either investigation or discipline of the offending officers.

14. In 1994, Lieutenant Jack Falvo, then Sergeant Jack Falvo, was found by two (2) federal court juries to have falsely and maliciously prosecuted a Schenectady resident to cover up a beating of that person while in police custody, and to having both participated in and covered up the actual beating and denial of medical treatment which took place both at the individual's residence and inside the City of Schenectady police station. (<u>see</u> <u>Rodick v. the City of Schenectady, et al.</u>)

15. Following the finding of guilt on the part of Lieutenant Falvo (in <u>Rodick</u>), and in the course of this case (<u>Sampson</u>), it was learned that there had been no police department investigation into the conduct of any of the officers found responsible in <u>Rodick</u>, even after the finding of responsibility, all four (4) of the officers who remained with the police force (one (1) retired) were promoted, and Lieutenant Falvo was promoted to head the Internal Affairs section of the City of Schenectady police department, assigned the responsibility to receive and investigate allegations of misconduct.

16. It has also been learned that officers of the City of Schenectady assigned to Internal Affairs duties conducted no investigation of some estimated two hundred (200) claims of excessive force, false arrest and improper treatment lodged by citizens for the time period of approximately 1991 through 1996.

17. We have also learned in our investigation that when a police officer was ultimately assigned to "clean up" the Internal Affairs investigation back log after there were complaints to the city's civilian administration, that it took only an estimated sixty (60) days to dispose of all but approximately eight (8) of the complaints as "unfounded". No officer was disciplined in connection with any of the five (5) years of pending complaints.

18. We seek to inquire at the depositions of Deputy Chief Grasso, Assistant Chief Seber and Lieutenant Falvo about each and all of these circumstances and allegations as all three (3) were in the chain of command that allowed this failure to investigate to occur as determined primarily from a document review and interviews with individuals who had complained to the defendants about abuse at the hands of the City of Schenectady police officers during then and after years.

19. The affidavit of Mr. Kinsella indicates that its current arrest of Siler and arrest and plea by Barnett started during an investigation into events that happened in 1999 (and was prompted at least in part by the Sampson facts) and none of the actions suggest pre-1999 police actions subject to the investigation. (paragraph 2 of the Kinsella affidavit)

20. We request that the stay in so far as relates to Grasso, Seber and Falvo, to the extent issued, not interfere with the plaintiff's ability to question Grasso, Seber and

Falvo pertaining to pre 1999 incidents and the activities of the City of Schenectady police department related to investigating complaints of brutality prior to July 1, 1999. All of the current charges, and all of the current allegations, and all facts identified in Mr. Kinsella's affidavit relate to post July 1, 1999 events.

21. The plaintiff therefore requests that no stay be issued with respect to Grasso, Seber and Falvo, but in the event one does, that it be narrowly crafted to prevent questioning of post July 1, 1999 investigation activities.

WHEREFORE, the plaintiff respectfully requests that the application for stay be denied and, alternatively if the court does grant a stay, that it be narrowly crafted to allow the plaintiff's case to proceed and that the plaintiff be awarded such other and further relief as the court deems just proper and equitable.

_____
Kevin A. Luibrand

Sworn to before me this
Day of January 2001.


_____
Notary Public